IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>2138 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>    *Plaintiff*,<br><br>  v.<br><br>ELVIS CHAN, in his official capacity as Assistant Special Agent of the Federal Bureau of Investigation,<br><br>450 Golden Gate Ave.<br>San Francisco, CA 94102,<br><br>    *Defendant*. | Case No. 1:24-cv-344 |

# Exhibit G

JIM JORDAN, Ohio
CHAIRMAN

JERROLD NADLER, New York
RANKING MEMBER

ONE HUNDRED EIGHTEENTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON THE JUDICIARY
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6216
(202) 225-6906
judiciary.house.gov

March 3, 2023

The Honorable Christopher A. Wray
Director
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Director Wray:

    The Committee on the Judiciary is conducting oversight of the programs and operations of the Federal Bureau of Investigation (FBI). As part of our constitutional oversight responsibilities, we require testimony from employees of the FBI about the matters we are examining. We expect your cooperation in this process.

    Since the beginning of the Biden Administration, the Committee has made multiple requests for information and documents concerning the FBI's operations. On November 18, 2022, to assist you in preparing to respond to our oversight requests in the 118th Congress, we notified you about the initial set of FBI employees with whom we would seek to speak early this year.[1] We renewed this request in the 118th Congress via letter dated January 17, 2023.[2] To date, the FBI has declined to satisfy these requests.

    Our need to obtain testimony from FBI employees is vital for carrying out our oversight and for informing potential legislative reforms to the operations and activities of the FBI. From the documentary and testimonial information that we have obtained to date, we have identified several FBI employees who we believe possess information that is necessary for our oversight. Accordingly, we ask that you initially make the following FBI employees available for transcribed interviews with the Committee in the near future:

1. Bradley Benavides;
2. Jeff Berkebile;
3. Joseph R. Bonavolonta;
4. Elvis Chan;
5. Charles Dayoub;
6. Laura Dehmlow;

---

[1] Letter from Rep. Jim Jordan, Ranking Member, H. Comm. on the Judiciary, to Christopher A. Wray, Fed. Bureau of Investigation (Nov. 18, 2022).
[2] Letter from Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, to Christopher A. Wray, Fed. Bureau of Investigation (Jan. 17, 2023).

The Honorable Christopher A. Wray
March 3, 2023
Page 2

| | | |
|---|---|---|
| 7. Sean Fitzgerald; | | 12. Jennifer L. Moore; |
| 8. Nikki Floris; | | 13. Sherri Onks; |
| 9. Mark Grado; | | 14. Carlton L. Peeples; |
| 10. Steve Jensen; | | 15. Matthew J. Perry; and |
| 11. Timothy Langan; | | 16. Kevin Vorndran. |

We anticipate that we may require testimony from additional FBI employees as our oversight continues, and we expect your cooperation in facilitating these future interviews as well.

We are aware that the Justice Department has preemptively indicated that it intends to limit the scope and nature of information available to the Committee as part of our oversight.[3] You should know, however, that despite the Department's assertions to the contrary, congressional committees have regularly received testimony from non-Senate-confirmed and line-level Justice Department employees, including FBI employes, in the past.[4] We expect this past precedent to apply to our oversight as well.

The Supreme Court has recognized that Congress has a "broad and indispensable" power to conduct oversight, which "encompasses inquiries into the administration of existing laws, studies of proposed laws, and surveys in our social, economic or political system for the purpose of enabling Congress to remedy them."[5] Pursuant to the Rules of the House of Representatives, the Committee on the Judiciary is authorized to conduct oversight of the FBI to inform such potential legislative reforms.[6] These legislative reforms could include, among other proposals, legislation to modify the FBI's structure and organization or to change its existing authorities and responsibilities, legislation to enhance civil liberty protections in how the FBI carries out its authorities, legislation to prevent the misuse of federal law-enforcement and counterterrorism tools, and legislation to address the FBI's interactions with private entities about constitutionally protected activity.

---

[3] *See* Letter from Carlos Uriarte, Dep't of Justice, to Rep. Jim Jordan, H. Comm. on the Judic. (Jan. 20, 2023).
[4] *See, e.g.*, Transcribed interview of Special Agent Larry Alt, Fed. Bureau of Investigation (Apr. 27, 2011); Transcribed interview of Gary Grindler, U.S. Dep't of Justice (Dec. 14, 2011); Transcribed interview of Jack Smith, U.S. Dep't of Justice (May 29, 2014); Transcribed interview of Richard Pilger, U.S. Dep't of Justice (May 6, 2014); Transcribed Interview Maame Frimpong, U.S. Dep't of Justice (July 19, 2016); Transcribed interview of Lisa Page, Fed. Bureau of Investigation (July 13, 2018); Transcribed Interview with Handling Agent 1, Fed. Bureau of Investigation (Mar. 2, 2020); Transcribed interview of Stephen C. Laycock, Fed. Bureau of Investigation (June 15, 2020); Transcribed interview of Michael B. Steinbach, U.S. Dep't of Justice (June 16, 2020); Transcribed interview of Bruce Ohr, U.S. Dep't of Justice (June 30, 2020); Transcribed interview of Stuart Evans, U.S. Dep't of Justice (July 31, 2020); Transcribed interview of Supervisory Special Agent 1, Fed. Bureau of Investigation (Aug. 27, 2020); Transcribed interview of Jonathan Moffa, Fed. Bureau of Investigation (Sept. 9, 2020); Transcribed Interview of Deputy Chief, Counterintelligence and Export Control Section, U.S. Dep't of Justice (Sept. 18, 2020); Transcribed interview of Case Agent 1, Fed. Bureau of Investigation (Sept. 25, 2020); Transcribed interview of Supervisory Intelligence Analyst, Fed. Bureau of Investigation (Oct. 29, 2020); Transcribed interview of Jennifer L. Moore, Fed. Bureau of Investigation (July 26, 2022).
[5] *See, e.g., Trump v. Mazars LLP*, No. 19-715 at 11 (U.S. slip op. July 9, 2020) (internal quotation marks and citations omitted).
[6] Rules of the U.S. House of Representatives, R. X (2023).

The Honorable Christopher A. Wray
March 3, 2023
Page 3

      To avoid any unnecessary delay, we ask that you please direct your staff to work with Committee staff to begin scheduling these transcribed interviews as soon as possible, but no later than 5:00 p.m. on March 8, 2023. Please be aware that the Committee will resort to compulsory process to obtain the required testimony. Thank you for your prompt attention to this matter.

                                      Sincerely,

                                      Jim Jordan
                                      Chairman

cc: The Honorable Jerrold L. Nadler, Ranking Member