IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>2138 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>   *Plaintiff*,<br><br> v.<br><br>ELVIS CHAN, in his official capacity as Assistant Special Agent of the Federal Bureau of Investigation,<br><br>450 Golden Gate Ave.<br>San Francisco, CA 94102,<br><br>   *Defendant*. | Case No. 1:24-cv-344 |

# Exhibit Q



**U.S. Department of Justice**

Office of Legislative Affairs

---

*Office of the Assistant Attorney General*  　　　　　　　　　　　*Washington, DC 20530*

The Honorable Jim Jordan
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, DC 20515

Dear Chairman Jordan:

    This letter responds to the Committee's September 20, 2023, letter to the Federal Bureau of Investigation (FBI) regarding your subpoena for deposition testimony from FBI Assistant Special Agent in Charge Elvis Chan. The Department of Justice (Department) and the FBI urge the Committee to accept our offer to make Mr. Chan available for a voluntary transcribed interview, accompanied by agency and personal counsel. This will allow the Committee to obtain the information it seeks while respecting the interests and legal rights of the witness, the FBI, and the Executive Branch.

    The Department and the FBI stand by the FBI's September 19, 2023, letter to the Committee, including its description of the FBI's good-faith efforts to make Mr. Chan available and the Committee's needless escalation. We also remain committed to the accommodation process and stand by our offer to arrange a voluntary appearance by Mr. Chan. He remains available to testify voluntarily, including on October 5, 2023, under appropriate conditions. Those include the presence of agency and personal counsel.

    We also stand by our description of the role transcribed interviews play in facilitating the constitutionally mandated accommodation process and the history of including agency counsel in such interviews. Including agency counsel is not simply a courtesy to government employees who do not wish to incur the expense of retaining private counsel. To the contrary, the well-established practice of allowing government employees to appear voluntarily with agency and personal counsel recognizes the different interests that agency and personal counsel represent and facilitates the provision of information to Congress by the Executive Branch.

    A congressional subpoena that purports to compel testimony on matters within the scope of an agency employee's official duties, including potentially privileged information, without the presence of agency counsel is without legal effect and cannot constitutionally be enforced.[1] Throughout the accommodation process, the Department and the FBI have explained to the Committee our responsibilities to protect Executive Branch confidentiality interests, including

---

[1] *Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. __, at *19 (May 23, 2019)) ("Attempted Exclusion of Agency Counsel").

The Honorable Jim Jordan
Page 2

through the presence of agency counsel at interviews of agency witnesses. As we have stated, the public's strong interest in the integrity of law enforcement work is just one reason the appearance of counsel for the Department is necessary in these circumstances. Excluding agency counsel in these circumstances undermines the Executive Branch's ability to protect its confidentiality interests in the course of the constitutionally mandated accommodation process.[2] In addition, the exclusion of agency counsel interferes with the Executive Branch's ability to protect potentially privileged information, including law enforcement sensitive information.[3] The underlying principles that inform the Department's position are longstanding across administrations. Every other Department employee who has appeared before the Committee during this Congress has appeared with agency counsel, including as recently as today.[4]

      Moreover, there was no need for the Committee to issue a subpoena, as Mr. Chan is willing and ready to provide the requested testimony voluntarily—provided, of course, that he may be accompanied by both personal and agency counsel. As noted in the FBI's September 19 letter, the Committee has not, and cannot, articulate how forcing Mr. Chan to choose furthers its investigation, or how this subpoena is justified by any informational need of the Committee. In fact, the Committee's decision on September 15, 2023, not to interview Mr. Chan only delayed the Committee's receipt of information. Indeed, the Committee raised no concerns about agency counsel accompanying Mr. Chan until he sought to bring personal counsel, as well. The subpoena was issued solely for the purpose of pursuing the Committee's preference to restrict witnesses from being represented by both personal counsel and agency counsel at voluntary transcribed interviews. This preference is not codified in any Committee rule, nor is it grounded in any rule or regulation of the House. Nor is it a standard practice, and for good reason: It impedes the accommodation process. The Committee should not effectively seek to punish Mr. Chan for taking the reasonable step of seeking counsel.

---

[2] *Id.* at *2, *19.

[3] *See id.* at *2, *8 (May 23, 2019) (The authority to control disclosure of this information "extend[s] to *all* ... information protected by [executive] privilege,' including ... law enforcement files[.]" (quoting *Authority of Agency Officials to Prohibit Employees from Providing Information to Congress*, 28 Op. O.L.C. 79, 81 (2004)).

[4] In a letter to Mr. Chan's personal attorney on October 3, 2023, the Committee stated that, "as an extraordinary accommodation, [it] is willing to allow agency counsel to remain physically present just outside the Committee room in which the interview will occur and will permit a recess at any time to consult with agency counsel about any matters that may arise during the deposition." However, the Department has previously concluded that an identical "proposed accommodation ... was insufficient to remedy [the] constitutional concerns." Attempted Exclusion of Agency Counsel at 17-18. As that opinion noted, "[b]ecause this practice would leave such judgments entirely up to the employee and his private counsel ... it would not adequately ensure that the agency could make the necessary decisions to protect privileged information during the course of the deposition. It also would prevent the Executive Branch from ensuring that the testimony provided was accurate, complete, and properly limited in scope." *Id.* The same holds here.

The Honorable Jim Jordan
Page 3

      We remain ready to make Mr. Chan available to testify voluntarily, accompanied by agency and personal counsel. We hope this information is helpful. Please do not hesitate to contact this office if we may provide additional assistance regarding this or any other matter.

      Sincerely,

      CARLOS URIARTE

      Digitally signed by CARLOS URIARTE
      Date: 2023.10.03 21:59:11 -04'00'

      Carlos Felipe Uriarte
      Assistant Attorney General

cc:

The Honorable Jerrold L. Nadler
Ranking Member
Committee on the Judiciary
U.S. House of Representatives
Washington, DC 20515